**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ACE American Insurance Company, | ) | Case No. CV 08-476-PHX-MHM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| UCHINO KEIICMIRO and JANE DOE | ) | |
| KEIICMIRO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Currently before the Court is Plaintiff ACE American Insurance Company's (Plaintiff's) *ex parte* motion to permit discovery prior to the Rule 26(f) conference (Dkt. #7), and Plaintiff's motion for extension of time to effect service of process on Defendant Uchino Keiicmiro (Dkt. #8).

The instant litigation is a subrogation action for workers' compensation benefits paid by Plaintiff, and the underlying claim arises out of an automobile accident that occurred in Phoenix, Arizona on or around March 13, 2006.  (Dkt. #7, p.1; Ex. 1). Plaintiff alleges that Defendant Keiicmiro, a Japanese national and named defendant, struck the vehicle in which Plaintiff's insured was a passenger; the accident injured Plaintiff's insured, which required that Plaintiff pay workers' compensation benefits on behalf of its insured.  (Dkt. #7, p.1).  At the time of the motor vehicle accident, Defendant Keiicmiro was driving a car rented from Southern United Rent-A-Car, d/b/a Sakura Rent-

1    A-Car ("Sakura"), and insured by Zurich Insurance ("Zurich") or its subsidiary, Empire

2    Fire and Marine Insurance Company ("Empire").  (Id.).

3           Plaintiff stated that it served Zurich, Empire, and Sakura with subpoenas duces

4    tecum, requesting production of records relating to the rental of the vehicle driven by

5    Defendant Keiicmiro at the time of the accident.  (Dkt. #7, p.2).  However, counsel for

6    Zurich, who responded on behalf of Zurich, Empire, and Sakura, stated that her clients

7    would not provide the requested documents until after the Rule 26(f) conference took

8    place and discovery was initiated in this litigation.  (Dkt. #7; Ex. 2).  As such, Plaintiff

9    filed the instant action requesting that the Court issue an *ex parte* order authorizing

10   Plaintiff to undertake prelitigation discovery pursuant to Rule 26(d).

11          However, Rule 26(d) only provides that parties may conduct discovery prior to

12   their Rule 26(f) conference if "the court upon motion, for the convenience of parties and

13   witnesses and in the interests of justice, orders otherwise . . . ."  Although Rule 26(d) may

14   allow the Court, based on a showing of good cause, to order discovery prior to the parties'

15   Rule 26(f) conference "for the convenience of the parties and witnesses and in the

16   interests of justice," Plaintiff cites the Court to no authority that would permit the Court to

17   allow the requested discovery prior to the completion of service of process under Rule 4

18   of the Federal Rules of Civil Procedure.  The Court is unaware of any authority that

19   would permit it to order prelitigation discovery other than in relation to issues of

20   jurisdiction and venue, including jurisdiction over the person and the legal sufficiency of

21   service of process.  See 23 Am. Jur. 2d Depositions and Discovery § 31 ("A Federal

22   District Court has the inherent and legitimate authority to issue orders of discovery

23   directed to nonparty witnesses, as necessary for the court to determine and rule upon its

24   own jurisdiction, including jurisdiction over the subject matter.").  However, in the instant

25   action, it appears that Plaintiff's *ex parte* motion seeking prelitigation discovery is

26   directed to the production of certain nonparties' records related to the rental of the vehicle

27   driven by Defendant Keiicmiro at the time of the accident.

28

1    Ex parte motions are rarely justified, and to be justified, the evidence must show

2  that the moving party's cause will be irreparably prejudiced if the underlying motion is

3  heard according to regular noticed motion procedures.  Yokohama Tire Corp. v. Dealers

4  Tire Supply, Inc., 202 F.R.D. 612, 613 (D.Ariz. 2001).  Plaintiff contends that its *ex parte*

5  motion should be granted "[i]n the interests of expeditiously resolving this matter,

6  minimizing unnecessary litigation expenses, and keeping in mind the interests of judicial

7  economy," because otherwise Plaintiff would have to serve Defendant Keiicmiro with

8  process according to the Hague Convention on the Service Abroad of Judicial and Extra

9  Judicial Documents in Civil or Commercial Matters pursuant to Rule 4(f) of the Federal

10  Rules of Civil Procedure.  (Dkt. #7, p.2).  Although the Court acknowledges that this

11  litigation may turn on the seemingly simple issues of the applicable insurance policy

12  limits for the rental car that Defendant Keiicmiro was driving during the accident and the

13  availability of other insurance, Plaintiff has offered no evidence to indicate that adherence

14  to the procedures contemplated by Rule 4 of the Federal Rules of Civil Procedure would

15  somehow prejudice Plaintiff's case or cause undue expense.[1]  As such, the Court denies

16  Plaintiff's *ex parte* motion to conduct prelitigation discovery at this time.

17

18    **Accordingly,**

19    **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Permit Discovery

20  Prior to Rule 26(f) Conference (Dkt. #7) is DENIED.

21  ///

22  ///

23  ///

24  ///

25

26    [1]Service of process by international mail is not prohibited under Article 10(a) of the
Hague Convention, as long as receiving country does not object and the law of the forum

27  affirmatively authorizes service by international mail.  See Brockmeyer v. May, 383 F.3d

28  798, 808-09 (9th Cir. 2004).

1      **IT IS FURTHER ORDERED** that Plaintiff's motion for extension to time to

2  effect service of process on Defendant (Dkt. #8) is GRANTED IN PART.  Plaintiff is

3  directed to effect service of process on Defendant(s) pursuant to Rule 4(f) within 120

4  days of this order.

5      DATED this 28th day of May, 2008.

6

7

8  _____

   Mary H. Murguia
9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28